IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2007 Session

## BRENDA J. WOODWARD v. MICHAEL V. WOODWARD

**Appeal from the Circuit Court for Hamilton County**
**No. 04D1684     L. Marie Williams, Judge**

_____

**No. E2006-1110-COA-R3-CV - FILED MAY 11, 2007**

_____

D. MICHAEL SWINEY, J., dissenting.

I respectfully dissent from the majority's Opinion affirming the Trial Court's division of the marital property. I take no issue with the Trial Court and the majority concerning what was marital property and what was separate property. However, I respectfully disagree with the majority's Opinion as I believe that it, as did the Trial Court, largely ignores the fact that this is a short term marriage, a very short term marriage, and what is the court's goal in such a situation.

As the majority correctly notes, *Batson v. Batson*, 769 S.W.2d 849 (Tenn. Ct. App. 1988) clearly holds that the parties should "be restored to their pre-marriage financial condition...." *Batson*, 769 S.W.2d at 859. Said another way, here Husband should leave this short term marriage, as close as possible, with what he brought into it; and Wife should leave this short term marriage, as close as possible, with what she brought into it. Respectfully, while both the Trial Court and the majority let Wife leave, as close as possible, with all of her property she brought into the marriage, unfortunately, both the Trial Court and the majority also let Wife leave this very short term marriage with part of the property Husband brought into the marriage.

*Batson* comes into play when transmutation has occurred so that one spouse's separate property becomes marital property. If transmutation never happens in a short duration marriage, then *Batson* is unnecessary as the parties will have kept their premarital separate property separate and will be sent on their way with their separate property. It is only when transmutation occurs as to one spouse's property, here the Husband's, that *Batson* comes into play. The clear holding of *Batson* is that even though transmutation has occurred, the parties still will be returned, as near as possible, to the situation each would have been in had the short duration marriage never taken place. The fact that transmutation of Husband's separate property had occurred does not negate the application of *Batson*, but rather triggers the application of *Batson* in this short duration marriage.

I would reverse and remand with instructions to the Trial Court to send the parties on their way from this very short term marriage with each receiving the property that each brought into the marriage. Neither the Trial Court nor the majority state any reason why the holding of *Batson* should be ignored in this case. While the majority notes some differences in the factual situation in *Batson* from our current case, these differing circumstances in no way support a decision that *Batson* should not be applied. For example, the majority notes that in *Batson* the husband's net worth at the time of the marriage was ten times the net worth of his wife and his annual income was nine times that of his wife's. Here, the parties started much more equal. The majority gives no reason why the husband in *Batson* should be allowed to leave with all his premarital property because he had much more than his wife to start with, whereas here Husband and Wife entered the marriage on a much more equal basis which somehow makes it appropriate to penalize Husband, ignore *Batson,* and let Wife leave with more property than she would have had if the marriage never had taken place. If anything, this factual difference makes it even more appropriate to apply *Batson* in this case. *Batson* clearly holds the law in this State to be that in a short duration marriage, which this certainly is, "it is appropriate to divide the property in a way that, as nearly as possible, places the parties in the same position they would have been in had the marriage never taken place." *Id*. While the majority is correct that Wife was not awarded one-half of Husband's premarital property, it is equally as clear that Wife was awarded a portion of Husband's premarital property, while being allowed to retain one-hundred percent of her premarital property. Here, Husband leaves with less property than he would have had if the marriage had never taken place while Wife leaves with more property, hers plus a part of Husband's, than she would have had if the marriage had never taken place. I see no reason why *Batson* should not be followed in this case, and so I would remand it for a division of the property so as to return, as nearly as possible, both Husband and Wife to their pre-marriage property status.

_____

D. MICHAEL SWINEY, JUDGE
